UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Betty Inskeep, | ) | |
|         Plaintiff | ) | |
| | ) | |
| | ) | Case No. 04-1343 |
| | ) | |
| Caterpillar Inc. and Metropolitan Life Insurance Co., | ) | |
| | ) | |
|         Defendants | ) | |

**ORDER**

The parties have consented to have this case heard to judgment by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and the District Judge has referred the case to me.  Now before the court are the parties' cross motions for summary judgment (Docs. #23 and 30) and two motions to strike (Docs.#25 and 26).  For the following reasons, the Plaintiff's motion for summary judgment is denied, the Defendants' motion for summary judgment is denied, and both motions to strike are granted in part and denied in part.

**SUMMARY JUDGMENT GENERALLY**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered if and only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Jay v. Intermet Wagner Inc., 233 F.3d 1014, 1016 (7th Cir.2000); Cox v. Acme Health Serv., 55 F.3d 1304, 1308 (7th Cir. 1995).

In ruling on a summary judgment motion, the court may not weigh the evidence or resolve issues of fact; disputed facts must be left for resolution at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The court's role in deciding the motion is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir.1994). The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial.

The court is to examine all admissible facts, viewing the entirety of the record and accepting all facts and drawing all reasonable inferences in favor of the non-movant, Erdman v. City of Ft. Atkinson, 84 F.3d 960, 961 (7th Cir. 1996); Vukadinovich v. Bd. of Sch. Trustees, 978 F.2d 403, 408 (7th Cir. 1992), cert. denied, 510 U.S. 844 (1993); Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990); DeValk Lincoln-Mercury, Inc. V. Ford Motor Co., 811 F.2d 326, 329 (7th Cir. 1987); Bartman v. Allis Chalmers Corp., 799 F.2d 311, 312 (7th Cir. 1986), cert. denied, 479 U.S. 1092 (1987), and construing any doubts against the moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970); Trotter v. Anderson, 417 F.2d 1191 (7th Cir. 1969); Haefling v. United Parcel Serv., Inc., 169 F.3d 494, 497 (7th Cir.1999). The existence of "some alleged factual dispute between the parties," or "some metaphysical doubt," however, does not create a genuine issue of fact. Piscione v. Ernst & Young, L.L.P., 171 F.3d 527, 532 (7th Cir.1999). The proper inquiry is whether a rational trier of fact could reasonably find for the party opposing the motion with respect to the particular issue. See, e.g., Jordan v. Summers, 205 F.3d 337, 342 (7th Cir.2000).

## UNDISPUTED FACTS

The following recitation of facts comes from the parties' statements of uncontested facts and the responses thereto as well as from documents submitted with the motions for summary judgment, unless otherwise noted.

Walter Inskeep was an employee of Caterpillar Inc. Since 1951, he had been eligible for death benefits under the terms of the employee welfare benefit plan ("Plan"). Claims under the Plan are administered by Metropolitan Life Insurance Company ("MetLife"). The Plan is governed by the Employee Retirement Income Securities Act of 1974, 29 U.S.C. § 1001 et seq ("ERISA").

When he enrolled in the Plan in 1951, he designated his then-wife, Betty Inskeep as beneficiary. In 1973 Walter and Betty divorced. He subsequently married his second wife Mary. For purposes of clarity, these three individuals will be referred to by their first names.

After his second marriage he submitted to Caterpillar a change of beneficiary form, designating Mary as his beneficiary; it is disputed whether that change form was signed by Walter. Mr. Inskeep retired in 1990 and died on September 9, 2000. Following a claim by his widow, Mary K. Inskeep, Caterpillar copied the documents in its file and sent the originals to MetLife. MetLife paid the death benefits to Mary and then put the "paid claim file" in its off-site storage facility.

Three years later, Plaintiff Betty Inskeep filed a claim for the same Plan benefits. Plaintiff relies on the original beneficiary designation form signed in 1951, a form that predates Walter's marriage to Mary and the change of beneficiary designation of Mary as

his beneficiary under the Plan. Betty's justification for her claim is information she claims to have learned during the administration of Walter's Estate, namely that Mary had signed Walter's name to a number of financial documents. This triggered her attorney to ask Caterpillar to send copies of documents pertaining to Walter's insurance. Caterpillar sent to Betty's attorney copies of the copied forms it had sent to MetLife, at which time it was learned that, when the change of beneficiary designation form had been copied, the bottom of the form, which contained the signature portion of the form, was cut off; in other words, the copy in Caterpillar's file could not establish whether or not the form was signed and if so whether Walter had actually signed that form. Later, Plaintiff was told[1] that MetLife was unable to locate the paid claim file in its storage facility. Plaintiff therefore concludes that the only valid (i.e. signed) beneficiary designation form is the one that names her as beneficiary, which in turn leads her to this suit in which she asks MetLife to pay her the proceeds of the life insurance policy.

In support of its motion for summary judgment, both Caterpillar and MetLife submitted affidavits from employees who were involved in the process that culminated in payment to Mary. Caterpillar's employee, Helen McIntyre, was the Survivor Benefits Representative who personally reviewed the beneficiary designation form and other documents in Walter's file after his death. MetLife's employee, Felicia Salvatore, was MetLife's senior claims examiner who affirms the procedures followed when a claim for death benefits is made; she also investigated the information available on MetLife's computer and searched for the paid claim file in the storage facility.

---

[1] Betty asserts that the summary judgment pleadings are the first time she was told that MetLife's file was lost.

Based on these affidavits, the following information has come to light. Upon Mary's claim, Caterpillar reviewed Walter's file, looked at the beneficiary designation form that showed Mary as beneficiary, and confirmed that it had been signed. Caterpillar sent a letter to Mary, informing her that she was the designated beneficiary and asking her to fill out the claim form. Once everything appeared to be in order, the original documents - including the original designation of beneficiary and the change of beneficiary forms - were sent to MetLife. Caterpillar made copies of all the documents before sending them off. Thereafter, MetLife's procedure would have required confirmation of the terms of the policy and the signature of the employee on the most recent Beneficiary Designation form before paying any benefits.

The Plaintiff and the Defendant have filed cross motions for summary judgment. In addition, Plaintiff has also moved to strike a large portion of the affidavits on various grounds.

## MOTIONS TO STRIKE

I first note that Plaintiff's motions are entirely devoid of citations to legal authority. On that basis alone, the motions could be denied. And there is nothing inherently improper about relying on affidavits to support a summary judgment motion. See, <u>Waldridge v. American Hoechst Corp.</u>, 24 F.3d 918 (7th Cir. 1994). Nonetheless the court will consider the merits of the motions.

With respect to McIntyre's affidavit (Exh.6 to defendant's Motion for Summary Judgment), Plaintiff asks the court to strike (#25) paragraphs 7,8,11,12,13,15 and 16, because they are based on hearsay (7,8,11,16), violate Best Evidence Rule (7), lack

5

personal knowledge (8, 11,12,15), and do not specifically identify the document being discussed (11,12,13,15,16).

Many of these objections go to the statements by McIntyre to the effect Walter executed or signed the change of beneficiary form. There is nothing in the affidavit that McIntyre witnessed Walter signing the document or that the signature was notarized or that any specific steps were taken to ascertain whether the signature was actually Walter's. I read those statements only as meaning that there was a signature on the form purporting to be Walter's. To the extent that any of the above paragraphs were intended as proof that the signature was in fact Walter's[2], the affiant lacks personal knowledge and/or they are hearsay and are therefore stricken. In all other respects, however, I find that the affidavit contains statements based on the personal knowledge of the affiant.

The Federal Rules of Evidence provide that an original document is not required where the originals have been lost or destroyed. Fed.R.E.1004(1). In such cases, other evidence of the contents is admissible. Id. Here, there is no evidence to contradict or call into question Ms. Salvatore's sworn testimony that the file containing the original document has been lost or destroyed. Thus, other evidence - such as partial copy of the form and McIntyre's sworn testimony that the form was signed - is admissible to prove that the document was signed. See, Dye v. U.S., 360 F.3d 744, 750 n.5 (7th Cir. 2004).

With respect to the assertion that McIntyre's affidavit does not specify which beneficiary form she is referring to, I find that criticism to be without merit. It is obvious

---

[2]This statement is not intended as a holding that either of the defendants had any obligation to verify that the purported signature was in fact Walter's. This issue is discussed further below.

from the context in each of the challenged paragraphs that it is the change of beneficiary form - and not the original designation - to which the affiant refers. The fact that Defendant also filed a copy of that designation form contemporaneously with the affidavit supports the conclusion drawn from context.

With respect to Salvatore's affidavit (Exh. 7 to Defendant's Motion for Summary Judgment), Plaintiff asks the court to strike (#26) the entire affidavit, since Salvatore was never identified in discovery as a person with knowledge about payment of Walter's claim. In the alternative, Plaintiff asks the court to strike paragraphs 6,7,10,11 and 12 of the affidavit because they are based on hearsay (6,7), lack personal knowledge (7), and because MetLife's loss of the paid claims file was never disclosed to Plaintiff during discovery (10,11,12).

Salvatore's statements with respect to the procedures utilized by MetLife are based on personal knowledge and are therefore properly included in the affidavit and considered by the court for that purpose. To the extent that the affidavit purports to affirm that there was a signature on the Inskeep claim form or that the signature was that of Walter Inskeep, however, Salvatore has no personal knowledge. She cannot testify to those matters. Salvatore also affirms that she "reviewed the efforts" of the employees at the storage facility and concludes that the file cannot be located. She can testify to what she did - review the efforts - and to her conclusions. Her testimony on those questions is subject to questioning that will go to the weight, but the testimony itself is admissible.

Plaintiff also argues that Salvatore was not disclosed in response to Plaintiff's interrogatories. The problem with this argument is that Plaintiff asked for identification of

any "person who has knowledge about or has seen" the beneficiary designation documents pertaining to Walter's insurance. Salvatore was not such a person; her knowledge (as the court has construed it above) was limited to the general departmental procedures.

Plaintiff also complains that at no time before the filing of summary judgment motions did MetLife disclose to her that the file was lost. When Plaintiff asked MetLife to locate the beneficiary designation documents, MetLife responded that "all document in its possession are a part of the claim file which is produced contemporaneously with this response." Obviously, no such claim file was ever produced.

Nonetheless, if there is no claim file, there is no claim file, and that fact cannot be changed. MetLife should not have responded in this fashion if it was not producing a claim file, and Plaintiff should have followed up when no claim file was produced. Any lack of diligence by one side is here offset by a lack of diligence by the other. And there is no harm to Plaintiff, because she has proceeded from the outset as if there were no original designation form.

Plaintiff's motions to strike are therefore granted in part and denied in part as stated above.

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendants correctly point out that Plaintiff has failed to conform his pleadings to the format required by Local Rule CDIL 7.1(D). Plaintiff may have intended to include the information she deemed necessary to respond to Defendants' motion or to place her

motion before the court, but she did so in a manner that made the court's task difficult. The Seventh Circuit has repeatedly emphasized that Local Rules setting out requirements for summary judgment motions can be strictly enforced. See extensive discussion with citation to numerous cases in Waldridge, 24 F.3d at 921-22.

Plaintiff's motion is based on the premise that the only information in the record is the information that is helpful to Plaintiff. Plaintiff would have the court entirely disregard such evidence as the length of time Walter and Betty had been divorced, his subsequent re-marriage to Mary, the partial copy of a beneficiary designation form naming Mary, and the testimony of Defendants' employees, not to mention the 3 years that intervened between the filing of this suit and the payment of the life insurance proceeds to Mary. At the very best, there is a dispute of fact, an issue discussed in more detail below.

There is simply no basis for entering judgment in favor of Plaintiff on this record. Plaintiff's motion for summary judgment is denied.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Without going into a great deal of detailed discussion, suffice it to say that the existence of a valid, signed change of beneficiary form is a genuine dispute of fact. The only way that Defendants can succeed on summary judgment is if they can show that the doctrine of substantial compliance makes that dispute immaterial.

ERISA contains no provisions governing disputes about whether an insured has effectively changed a beneficiary designation. Metropolitan Life Ins. v. Johnson, 297 F.3d 558, 564 (7th Cir. 2002). The doctrine of substantial compliance has become part of the federal common law applied in ERISA cases. Id. at 567. In Davis v. Combes, 294 F.3d

931, 940 (7th Cir. 2002), the Court noted that this Circuit applies the formulation of that doctrine expressed in Phoenix Mutual Life Ins. Co. v. Adams, 30 F.3d 554, 564 (4th Cir. 1994):

> An insured substantially complies with the change of beneficiary provisions of an ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy.

In Davis, the insured left no doubt about her intentions; at the same time she filled out the beneficiary designation, she also named the same person as beneficiary of other life policies. She requested the change of beneficiary form in writing, and the form was filled out in her own writing. She turned the form in to her employer's benefit plan and it was accepted and processed as though it were complete. From that time until her death she received no indication that the change was not effective. On those fact, the Court concluded that her failure to sign and date the change form was "careless," and that she had sufficiently taken all steps necessary to change her beneficiary.

In this case, the evidence of Walter's intent is not clear. There are equally compelling reasons why he might not have changed this policy to his new wife, since Betty (supported by an affidavit from her adult daughter) asserts that she has cared for their disabled child for years and that Walter had allegedly expressed concerns over the years about the daughter's financial needs. Moreover, the attempts Walter made, if any, to effectuate the change are disputed; the court does not know if or when he requested the change form, whether it is filled out in his own handwriting, or whether he ever signed the form himself.

Given the material disputes of fact that exist, it would be precipitous to enter judgment in favor of the Defendants. Accordingly, the motion for summary judgment is denied.

## CONCLUSION

The motions to strike are granted in part and denied in part as stated herein. Both motions for summary judgment are denied. This case will proceed to final pretrial and trial as currently scheduled.

ENTER this 20th day of January, 2006.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE